## CHARLES STUEDLE v. STATE.

### No. A-1031.  Opinion Filed January 6, 1912.

#### (119 Pac. 1022.)

1.  **NEW TRIAL—Grounds.**  When the testimony introduced on behalf of the state is conflicting, and no testimony is introduced on behalf of the accused, and the record discloses errors on the part of the trial court reasonably calculated to mislead the jury, a new trial should be awarded.

2. **TRIAL—Conduct in General.**  The courts are not partisans of the state nor of the accused.  It is their duty to preserve and protect the rights of each in a fair and impartial manner.

(Syllabus by the Court.)

*Appeal from Custer County Court; J. C. McKnight, Judge.*

Charles Stuedle was convicted of selling intoxicating liquor, and appeals.  Reversed and remanded for new trial.

*Phillips & Mills* and *Chas. D. Peck,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error was convicted in the county court of Custer county on a charge of selling intoxicating liquor, and his punishment fixed at a fine of $100, and imprisonment in the county jail for a period of 30 days.

The testimony on behalf of the state was from three witnesses, two of whom, in a measure, corroborate each other on some material points.  The third witness directly contradicts the principal testimony given by the other witnesses.  During the cross-examination of the prosecuting witness, it developed that he was acting in the capacity of a private detective, and that he had secured the services of one or two other persons.

At the close of the state's testimony, counsel for plaintiff in error requested the court to advise the jury to return a verdict for the accused.  In response to this motion, the court used the following language:  "Which motion the court promptly overrules.  You have no right to make such a motion."  Counsel ex-

cepted to the remark. The trial court is entirely mistaken as to the rights of counsel, and should not have indulged in the remarks. Courts should be fair and impartial in all their rulings. The trial court is no·more the partisan of the state than he is of the accused. It is his duty to see that all rights are preserved, those of the accused as well as those of the state.

Under the circumstances disclosed by this record, we are not able to say that this plaintiff in error had a fair and impartial trial, especially in view of the fact that the state's own witnesses disagreed. The principal prosecuting witness admitted that he was employed to secure testimony against plaintiff in error, and was to receive $10 in case of conviction.

The judgment is reversed, and the cause remanded, with directions to grant a new trial in accordance with law.

FURMAN, P. J., and DOYLE, J., concur.